IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**NANCY LYNN HUDSON, Administratrix of
the Estate of TROY L. HUDSON, deceased**

      **Plaintiff,**

v.                                      Case No.: 3:12-cv-01310

**CRESCO LINES, INC., an Illinois Corporation,
and JOSH E. ROBINSON, an individual,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Enforce Order and for Sanctions Pursuant to Rule 37(b). (ECF No. 69). Plaintiff claims that the Defendants have failed to fully comply with a November 20, 2012 court order compelling them to produce documents. (ECF No. 63). Moreover, Plaintiff contends that Defendants repeatedly refuse to supply relevant information and fail to make witnesses available for deposition, resulting in the needless delay of discovery and increasing Plaintiff's litigation expenses. Defendants have filed no response to this motion.

### I.    Relevant History

On April 26, 2012, Plaintiff Nancy Hudson, Administratrix of the Estate of Troy L. Hudson, filed this civil action, alleging that Defendants, Cresco Lines, Inc. and Josh E. Robinson, caused the wrongful death of Troy Hudson. (ECF No. 1). Plaintiff claims that Defendant Robinson, while operating a tractor and trailer owned by Defendant Cresco, negligently traveled outside of his lane of travel, struck, and fatally injured Troy

Hudson, who was attending to his vehicle in an emergency stopping lane.

On October 9, 2012, Plaintiff filed a motion and supporting memorandum seeking an order compelling full and complete responses to discovery requests propounded to Defendants. (ECF No. 29, 30). Defendants filed a response to the motion on October 23, 2012. (ECF Nos. 36, 37). On November 19, 2012, the Court conducted a hearing on the motion, which culminated the following day in an order compelling Defendants to produce certain documents and supplement interrogatory responses. (ECF No. 63). The order also granted Plaintiff's motion to preserve the tractor and trailer involved in the accident for sixty (60) days to allow Plaintiff a final opportunity to inspect the vehicle.

On December 11, 2012, Plaintiff filed the instant motion to enforce the November 20, 2012 order. On December 12, 2012, the Court set a briefing schedule on the matters raised in Plaintiff's motion. The Court explicitly notified Defendants that a failure to respond to the motion could be deemed an admission to or agreement with the representations and arguments of Plaintiff. (ECF No. 71). Pursuant to the briefing schedule, Plaintiff was given until December 21, 2012 in which to submit additional materials requested by the Court and to make recommendations regarding the nature of the sanctions to be imposed. Plaintiff complied with the schedule by filing a brief and supporting documentation on December 19, 2012. (ECF No. 74).

According to the schedule, Defendants had fourteen days thereafter in which to file a response to the motion, the supporting brief, and the documentation filed by Plaintiff. Defendants were instructed to specifically address any justification that would obviate against an award of expenses and sanctions. Despite the Court's admonishment regarding the probable effect of a failure to respond, Defendants did not file a response,

and the time for doing so expired.

The undersigned conducted a telephone conference on Tuesday, January 8, 2013 in order to clarify certain issues related to the motion. During the conference call, counsel for Plaintiff advised the court that the Defendants had produced additional documents a few days after the motion to enforce was filed; however, Plaintiff was unable to determine if the produced documents fulfilled Defendants' obligations under the Court's prior order. According to Plaintiff's counsel, Defendants failed to supply the documents in a formal discovery response and, instead, sent the documents electronically and informally without proper identification or verification by counsel. Plaintiff's counsel complained that the unsystematic manner in which the discovery was produced prevented him from determining whether he had received thorough and complete answers to Plaintiff's requests.

In response, Defendants' counsel represented that his clients had now produced all relevant documents, but conceded that Plaintiff was entitled to responses that complied in form and substance to the applicable rules of civil procedure. Counsel did not provide a reasonable explanation for the tardiness of Defendants' response or the haphazard manner in which the discovery was answered. Defendants further provided no meaningful justification that would obviate against the imposition of sanctions.

## II.   Analysis

Having carefully reviewed Plaintiff's motion, memoranda, and supporting documentation, the Court finds that Plaintiff's motion to enforce seeks two distinct categories of relief; first, Plaintiff seeks sanctions for Defendants' failure to timely comply with the prior discovery order and, second, Plaintiff seeks an order compelling discovery that was not the subject of the prior order. Having considered the matters

raised by Plaintiff, and for the reasons that follow, the undersigned **GRANTS**, in part, and **DENIES,** in part, Plaintiff's Motion to Enforce Order and for Sanctions Pursuant to Rule 37(b) (ECF No. 69) as outlined below.

Federal Rule of Civil Procedure 37(b)(2) authorizes the district court to issue "further just orders" when a party has failed to obey a prior order compelling discovery responses. The Rule allows the court discretion to impose a wide variety of sanctions, ranging from reimbursement of the aggrieved party's fees and costs to rendering a default judgment against the disobedient party. Nonetheless, as the severity of the sanction increases, the range of discretion afforded to the district court decreases. *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503 (4th Cir. 1977). As a result, prior to imposing Rule 37(b)(2) sanctions, the district court must consider and balance four factors: (1) whether the noncomplying party acted in bad faith; (2) the degree of prejudice suffered by the other party or parties as a result of the failure to comply; (3) the deterrence value of dismissal as a sanction for noncompliance; and (4) the efficacy of imposing less drastic sanctions. *Belk v. Charlotte-Mecklenburg Bd. of Educ.,* 269 F.3d 305, 348 (4th Cir.2001) (en banc), *cert. denied*, 535 U.S. 986, 122 S.Ct. 1537, 152 L.Ed.2d 465 (2002), and *cert. denied*, 535 U.S. 986, 122 S.Ct. 1538, 152 L.Ed.2d 465 (2002). The sanction imposed should never be more severe than what is necessary to prevent prejudice to the moving party. *Wilson,* 561 F.2d at 504 (citing *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1127 (5th Cir. 1970), cert. denied *sub nom. Trefina v. United States*, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970)).

Considering the first factor, the undersigned finds that Defendants acted in bad faith to the extent that they did not timely comply with the Court's order and, when they did comply, the production was performed in a haphazard and insufficient manner.

*Mutual Federal Savings and Loan Association v. Richards & Associates, Inc.,* 872 F.2d 88, 93 (4th Cir. 1989). Defendants have failed to provide any reasonable argument to support the conclusion that their noncompliance was substantially justified. The inadequacy of the production is particularly inexcusable in light of the Court's invitation at the November 19 hearing to consider an extension of the compliance date upon a showing of good cause. Nevertheless, rather than seeking an extension from the Court, Defendants simply failed to respond as ordered.

In regard to the prejudice suffered by Plaintiff, the dilatory production by Defendants required Plaintiff to file a motion to enforce the order and caused a temporary delay in the discovery process. However, the undersigned notes that under the Scheduling Order, four months remain for the completion of discovery; therefore, the prejudice is not overwhelming. The final two factors of the balancing test are irrelevant in that the Court does not intend to impose a drastic sanction. Weighing all of the factors, the undersigned concludes that the appropriate sanctions in this case are to award Plaintiff reasonable fees and costs incurred in bringing the motion to enforce; to require Defendants to provide responses in a form that complies with the Rules of Civil Procedure; and to extend the protections of the preservation order[1] as outlined below.

Having addressed the sanctions associated with the motion to enforce, the Court now considers Plaintiff's motion to compel discovery not previously addressed by the Court. Plaintiff seeks an order (1) compelling supplemental responses to discovery and the presence of specific witnesses at deposition; (2) reopening a prior motion for sanctions that Plaintiff filed, but then withdrew at the November 19 hearing; and (3) attorneys fees and costs in bringing the current motion. Federal Rule of Civil Procedure

---

[1] Plaintiff seeks an extension of the preservation order on the ground that Defendants' delay in producing the requested records caused a delay in Plaintiff's final inspection of the tractor and trailer.

37(a) permits a party to seek an order compelling an answer, designation, production, or inspection when another party has failed to answer, designate, disclose or respond as required by the discovery rules. An evasive or incomplete response or disclosure is treated as a failure to respond. *Fed. R. Civ. P.* 37(a)(4).[2]

Here, Plaintiff filed a request for supplementation of discovery on November 26, 2012. (ECF No. 64). Apparently, this request seeks much of the same information sought in the motion to enforce order. In addition, Plaintiff had scheduled the deposition of Defendant Robinson, but was forced to cancel it given the lack of discovery responses. Plaintiff thereafter made numerous requests for available dates on which to reschedule the deposition, without receiving adequate attention and cooperation from Defendants. Thus, the Court finds that Plaintiff is entitled to obtain much of the discovery requested.

### III. Order

Therefore, for the reasons discussed above, the Court **ORDERS** the following:

1. The previous order to preserve the vehicle (ECF No. 63 at 2) shall be extended to **February 28, 2013.**

2. Defendant Robinson shall be made available for deposition by Plaintiff on **February 4 or 5, 2013**, the date and time certain to be selected by Plaintiff after giving due consideration to Defendant's schedule on those two days.[3]

---

[2] Both the Federal and Local Rule require certification of a good faith effort by counsel to resolve disputes prior to resorting to the Court. Plaintiff did not attach such a certification to the Motion to Enforce Order. However, the documentation supplied by Plaintiff demonstrates reasonable efforts to resolve the issues, and the undersigned sees no practical reason in this case to delay a ruling on the matters.

[3] Plaintiff's request that the Court compel Defendants to supply Safety Officers for deposition on dates certain is denied without prejudice. At this point, Plaintiff has not demonstrated a valid basis for judicial intervention. Having said that, the Court instructs Defendants to cooperate with Plaintiff in promptly scheduling those depositions.

3.  On or before **January 23, 2013**, Defendants shall provide Plaintiff with **complete** responses to **all** discovery requests previously filed by Plaintiff, including the request for supplementation filed on November 26, 2012, **in a manner that fully complies with** the applicable Federal discovery rules, the Local Rules, and any prior orders of this Court. Defendants have agreed to Bates-stamp or similarly number their document production.

4.  Pursuant to Fed. R. Civ. P. 37(b)(2)(C), on or before **February 15, 2013,** Defendants, or their counsel, shall pay Plaintiff the amount of **Five Thousand Seven Hundred Sixty Nine Dollars and Eighty Cents ($5,769.80)**[4] to reimburse Plaintiff for her attorneys fees and costs incurred as a result of Defendants' failure to timely comply with the Court's prior discovery order.

The Clerk is instructed to provide a copy of this Order to all counsel of record.

**ENTERED:** January 9, 2013.

_____
Cheryl A. Eifert
United States Magistrate Judge

---

[4] The Court denies Plaintiff's request that it grant the motion for sanctions that was withdrawn in November. That motion was resolved when the Plaintiff withdrew it, and the Court sees no good reason to resurrect it at this time. Accordingly, the amount awarded herein is based solely on the time spent in preparing the motion to enforce, supplemental brief and supporting documentation. The Court used the requested hourly rate of $250, which Defendants agreed fell within the range of reasonable, and multiplied it by the number of hours spent by counsel to determine the lodestar figure. The Court then adjusted the figure to account for a minor duplication of efforts by Plaintiff's co-counsel and the copying costs.